IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANAGRAM INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | **FILED UNDER SEAL**<br><br>Civil Action No. |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
*EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING
ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY
ASSET RESTRAINT, EXPEDITED DISCOVERY,
AND AN ORDER TO SHOW CAUSE**

Plaintiff Anagram International, LLC, ("Plaintiff") submits this Memorandum in support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"), including a temporary injunction, a temporary asset restraint, expedited discovery, and an order to show cause.

i

| | |
|---|---|
| Date: August 13, 2025 | Respectfully submitted,<br><br>/s/ Jayma C. Leath<br>Jayma C. Leath, Esq.<br>Georgia Bar. No. 639678<br>**HIGBEE & ASSOCIATES**<br>3110 W. Cheyenne, Suite 200<br>N. Las Vegas, NV 89032<br>(714) 617-8350<br>(714) 597-6729 facsimile<br>jleath@higbee.law<br><br>Shengmao (Sam) Mu, *pro hac vice pending*<br>Abby Neu, *pro hac vice pending*<br>Ryan E. Carreon, *pro hac vice pending*<br>**WHITEWOOD LAW PLLC**<br>57 West 57th Street, 3rd and 4th Floors<br>New York, NY 10019<br>Telephone: (917) 858-8018<br>Email: smu@whitewoodlaw.com<br><br>*Counsel for Plaintiff* |

# **TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........................ 1
II. STATEMENT OF FACTS .................................................................... 2
    A. Defendants' Unlawful Activities .................................................... 3
III. ARGUMENT ........................................................................................ 4
    A. Standard for Temporary Restraining Order ................................... 6
    B. Plaintiff Will Likely Succeed on the Merits of its Copyright Claim . 6
    C. There Is No Adequate Remedy at Law, and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief ..................... 7
    D. The Balancing of Harms Tips in Plaintiff's Favor, and the Public Interest Is Served by Entry of the Injunction ..................................... 9
IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE ............... 9
    A. An *Ex Parte* Temporary Restraining Order is Appropriate and Necessary to Combat Unique Circumstances of Offshore Internet Infringement ........................................................................................ 9
    B. Preventing the Fraudulent Transfer of Assets Is Appropriate ........ 11
    C. Plaintiff is Entitled to Expedited Discovery .................................. 14
V. THIS COURT MAY ISSUE A TRO WITHOUT A BOND .............. 14
VI. CONCLUSION ................................................................................... 16

## MEMORANDUM OF LAW

I. **INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff is requesting temporary *ex parte* relief based on an action for copyright infringement against the defendants identified in the Complaint (collectively, the "Defendants"). As alleged in Plaintiff's Complaint, Defendants are offering for sale and/or selling unauthorized and unlicensed products using counterfeit and infringing versions of Plaintiff's federally registered copyrights (the "Infringing Products") through at least the fully interactive, e-commerce stores operating under the seller aliases identified on Schedule A to the Complaint (the "Defendant Internet Stores").

Defendants run a sophisticated counterfeiting operation and have targeted sales to residents in the United States, including Georgia, by setting up and operating e-commerce stores using one or more Defendant Internet Stores through which residents in the United States can purchase Infringing Products. Many of the e-commerce stores operating under the Defendant Internet Stores share unique identifiers, indicating that their counterfeiting operations arise out of the same transaction, occurrence, or series of transactions or occurrences and establishing a logical relationship between them. However, Defendants attempt to avoid and mitigate liability by operating under one or more Defendant Internet Stores to conceal both their identities and the full scope of their operations.

The e-commerce platforms and payment processors used by Defendants – including Amazon, eBay, TikTok, and Walmart, and payment processors such as PayPal – fail to adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to use false or inaccurate names and addresses when registering their e-commerce stores. Further, these e-commerce platforms continue to be unable or unwilling to prevent the rampant and flagrant listing of counterfeit products on their platforms.

Thus, Plaintiff is forced to file this action to discover the full scope of the infringement and attempt to stop Defendants' counterfeiting of Plaintiff's registered copyrights, as well as to protect unknowing consumers from purchasing Infringing Products on U.S.-facing e-commerce platforms. Defendants' ongoing unlawful activities should be restrained, and Plaintiff respectfully requests that this Court issue *ex parte* a Temporary Restraining Order.

## II.     STATEMENT OF FACTS

Plaintiff is the world's largest manufacturer and supplier of foil balloons. Utilizing its original copyrighted designs, Plaintiff sells foil balloons via its website, various web sales venues, and to other retailers and wholesalers in the party industry ("Plaintiff's Products"). Plaintiff is the owner of 29 separate copyrighted designs for foil balloons (the "Anagram Works") each of which is registered with the United

2

States Copyright Office. Declaration of Jay Harvey Paragoso (the "Paragoso Decl.") at ¶ 5.

Plaintiff uses the Anagram Works in connection with creation and marketing of Plaintiff's Products. *Id.* at ¶ 4. True and correct copies of the United States registration certificates for the Anagram Works are attached to the Paragoso Declaration as **Exhibit 1**. The registrations for the Anagram Works were each issued after examination and determination by the Register of Copyrights that the material deposited constituted copyrightable subject matter and that the other legal and formal requirements for registration had been met. *See* 17 U.S.C. § 410(a).

Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Anagram Works. Paragoso Declaration at ¶8. As such, the goodwill associated with the Anagram Works is of incalculable and inestimable value to Plaintiff. *See Id.* at ¶20.

A.   **Defendants' Unlawful Activities**

The success of Plaintiff's brands has resulted in significant counterfeiting of the Anagram Works. Paragoso Decl. at ¶10. Consequently, Plaintiff has a worldwide anti-counterfeiting program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. *Id.* In recent years, Plaintiff has identified numerous fully interactive e-commerce stores, including the Defendant Internet Stores, which were offering for sale

and/or selling Infringing Products to consumers throughout the United States.

Plaintiff's well-pleaded allegations regarding registration patterns, similarities among the e-commerce stores operating under the Defendant Internet Stores and the Infringing Products for sale thereon, and common tactics employed to evade enforcement efforts establish a logical relationship among the Defendants and that Defendants are interrelated. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## III. ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Plaintiff's reputation and goodwill. Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an *ex parte* TRO where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Fed. R. Civ. P. 65(b). The entry of a TRO is appropriate because it would immediately stop the Defendants from benefiting from their wrongful use of the Anagram Works and preserve the status quo until a hearing can be held.

In the absence of a TRO without notice, the Defendants can and likely will register new e-commerce stores under new aliases and move any assets to offshore bank accounts, outside the jurisdiction of this Court. Courts have recognized that

civil actions against counterfeiters present special challenges that justify proceeding on an *ex parte* basis. *See Lead Creation Inc. v. P'ships et al.*, No. 8:23-CV-49-CEH-CPT, 2023 WL 1993971, at *4 (M.D. Fla. Feb. 14, 2023); *see also Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the infringers"). As such, Plaintiff respectfully requests that this Court issue the requested *ex parte* TRO.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

Personal jurisdiction is proper over Defendants because Defendants have structured their business to target the United States market by accepting payment from and agreeing to ship Infringing Products to residents of the United States. Defendants have transacted business in the United States and in Georgia by shipping Infringing Products into this District. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355-58 (11th Cir. 2013); *see also NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624-27 (7th Cir. 2022); *American Girl, LLC v. Zembrka*, 2024 U.S. App. LEXIS 23555, at *7-10 (2d Cir. Sept. 17, 2024); *see also* Fed. R. Civ. P. 4(k)(2).

### A. Standard for Temporary Restraining Order

A court will issue a temporary restraining order where the requesting party demonstrates the following four factors: (1) it has a substantial likelihood of success on the merits; (2) the moving party will suffer irreparable injury if the order is not granted; (3) that the threatened injury to the plaintiff outweighs the harm the relief would inflict on the non-movant; and (4) entry of the order would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

### B. Plaintiff Will Likely Succeed on the Merits of Its Copyright Claim

To establish copyright infringement, the two elements that must be proven are (1) ownership of a valid copyright, and (2) copying of constituent elements of a work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "Ownership 'vests initially in the author or authors of the work,' and a copyright registration provides *prima facie* evidence of ownership." *Roberts v. Gordy*, 877 F.3d 1024, 1028 (11th Cir. 2017) (citation omitted).

Here, Plaintiff has obtained valid copyright registrations for the Anagram Works, which establish *prima facie* ownership of a valid copyright. *See* Paragoso Decl. at **Exhibit 1**. Thus, Plaintiff has satisfied the first element of its copyright infringement claim. In addition, Plaintiff has provided screenshot evidence demonstrating that Defendants are selling Infringing Products that copy the

Anagram Works. *See* Complaint, **Exhibit 2**. Thus, Plaintiff has also satisfied the second element of its copyright infringement claim.

In conclusion, Plaintiff has shown a likelihood that it will prevail on its copyright infringement claim.

### C.  There Is No Adequate Remedy at Law, and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief

Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill. *Ferrellgas Partners, L.P. v. Barrow*, 143 Fed. Appx. 180, 190 (11th Cir. 2005). Evidence that a defendant sells a line of infringing products intending to capitalize on the plaintiff's goodwill constitutes "overwhelming evidence" that the plaintiff is likely to suffer irreparable harm. *Cathedral Art Metal Co. v. Divinity Boutique, LLC*, 2018 WL 2356181 at *2 (N.D. Ga. 2018); *see also InternetShopsInc.com v. Six C Consulting, Inc.*, 2011 WL 1113445, at *6 (N.D. Ga. Mar. 24, 2011) (dilution of goodwill, loss of control of reputation, and loss of trade are sufficient to find irreparable injury).

Defendants' unauthorized use of the Anagram Works has and continues to irreparably harm Plaintiff through damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Paragoso Decl. at ¶¶19-24. The extent of the harm to Plaintiff's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are both irreparable and incalculable, thus warranting an immediate halt to Defendants' infringing activities through injunctive relief.

7

*Ferrellgas Partners, L.P.*, 143 F. App'x at 190; *see also Cathedral Art Metal Co. v. Divinity Boutique, LLC*, 2018 WL 2356181, at * 2 (N.D. Ga. 2018); *InternetShopsInc.com v. Six C Consulting, Inc.*, 2011 WL 1113445, at *6 (N.D. Ga. Mar. 24, 2011) (dilution of goodwill, loss of control of reputation, and loss of trade are sufficient to find irreparable injury).

Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1). Paragoso Decl. at ¶25; *see also Mud Pie, LLC v. Deck the Halls, Y'all, LLC*, No. 17-cv-2789-SCJ, 2017 WL 8942387, at *3 (N.D. Ga. 2017).

Finally, Plaintiff is also likely to be irreparably harmed if an asset restraint is not entered. Since Defendants are individuals or businesses who reside in foreign jurisdictions with no U.S. presence, Plaintiff is likely to be irreparably deprived of its equitable profits remedy without an injunction. *See Kay v. Individual*, No. 22-cv-3033-RJD, 2023 U.S. Dist. LEXIS 117379, at *8-9 (S.D. Ill. Apr. 14, 2023). Additionally, without a restraint of assets, Defendants will have little to no incentive to participate in these proceedings, as they can simply transfer out their ill-gotten gains, close their Defendant Internet Stores and quickly open new stores selling Infringing Products under different names.

    **D.    The Balancing of Harms Tips in Plaintiff's Favor, and the Public Interest Is Served by Entry of the Injunction**

As willful infringers, Defendants are entitled to little equitable consideration. As Plaintiff has demonstrated, Defendants have been profiting from the sale of Infringing Products. Thus, the balance of equities tips decisively in Plaintiff's favor. Moreover, "the public interest is served by preventing consumer confusion in the marketplace." *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001). The public is currently under the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease their unlawful conduct.

**IV.    THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE**

    **A.    An *Ex Parte* Temporary Restraining Order is Appropriate and Necessary to Combat Unique Circumstances of Offshore Internet Infringement**

The Copyright Act authorizes courts to issue injunctive relief "on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright…." 17 U.S.C. § 502. The Court may grant an *ex parte* seizure order if providing notice to the Defendants would render fruitless the further prosecution of the action. *AT&T Broadband v. Tech Communications*, Inc., 381 F.3d 1309, 1319 (11th Cir. 2004).

9

An *ex parte* TRO is necessary and justified in this case given the unique circumstances of offshore e-commerce counterfeiting. Courts have recognized that civil actions against counterfeiters present special challenges that justify proceeding on an *ex parte* basis. *Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Kitchen*, 548 F. Supp. 248, 249-50 (S.D. Fla. 1982) (citing numerous cases). The justification for an *ex parte* order is even more compelling where a significant amount of evidence pertaining to the counterfeiting activity is in electronic form, and therefore subject to quick, easy, and untraceable destruction by the Defendants. *Dell Inc. v. BelgiumDomains, LLC*, No. 07-cv022674, 2007 WL 6862341, at *2 (S.D. Fla. 2007); *see also Chanel, Inc. v. Chanel255.ORG, et al.*, No. 12-cv-21762, 2012 WL 12845630, at *5 (S.D. Fla. 2012).

Here, each Defendant is engaged in the inherently deceptive act of intellectual property infringement from outside the U.S. *See Gucci Am., Inc. v. Weixing Li,* 768 F.3d 122, 132-33 (2d Cir. 2014) (confirming authority to issue TRO and preliminary injunction freezing assets of offshore defendants selling counterfeit goods online); *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007) (affirming TRO and preliminary injunction freezing assets of defendants selling counterfeit goods); *Reebok Int'l Ltd. v. Marnatech Enterprises, Inc.*, 737 F. Supp. 1521, 1527 (S.D. Cal. 1990) ("Due to the international aspect of the defendants' business, the Court is concerned that unless the assets are frozen, defendants may

10

hide their allegedly ill-gotten funds."), aff'd, 970 F.2d 552 (9th Cir. 1992); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987-88 (11th Cir. 1995) (internal quotations omitted) (affirming a preliminary injunction freezing assets of U.S.-based defendants who arranged for making counterfeits in China). The Court should also consider actions taken by similarly situated defendants to evade court orders and/or move proceeds of infringing sales offshore. *See Cisco Sys. v. Shenzhen Usource Tech. Co.*, 2020 U.S. Dist. LEXIS 158008, at *10 (N.D. Cal. Aug. 10, 2020); *In re Vuitton Et Fils S.A.,* 606 F.2d 1, 4 (2d Cir. 1979).

Plaintiff has submitted evidence showing that Defendants are selling Infringing Products and operate from China or other foreign jurisdictions. *See* Paragoso Decl. at ¶ 10. Defendants are also likely aware that it would be "difficult if not impossible to enforce U.S. judgments in China." *Cisco Sys.*, 2020 U.S. Dist. LEXIS 158008, at *25; Declaration of Jayma C. Leath (the "Leath Decl.") at ¶¶ 5-6.

Therefore, an *ex parte* restraining order is necessary under the circumstances.

### B.     Preventing the Fraudulent Transfer of Assets Is Appropriate

Plaintiff requests an *ex parte* restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits from sales of Infringing Products is not impaired. Issuing an *ex parte* restraint will ensure Defendants' compliance. Defendants can easily remove all evidence of Infringing Products from

their virtual storefronts and transfer any ill-gotten funds into foreign bank accounts, where they are beyond this Court's reach. *See F.T.C. v. Atlantex Assoc.*, 872 F.2d 966, 968 (11th Cir. 1989) (affirming *ex parte* TRO and asset freeze order against party accused of deceptive trade practices to preserve funds for possible restitution). If an asset restraint is not granted, Defendants will likely disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. On information and belief, Defendants in this case hold most of their assets in offshore accounts, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless.

Orders freezing Defendants' assets are warranted to assure the availability of permanent relief. *Levi Strauss & Co.*, 51 F.3d at 987. Such asset freezes are particularly appropriate against sellers of counterfeit goods who are likely to hide their ill-gotten profits if their assets are not seized. *Reebok Intern., Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). A court can issue an asset freeze when its equitable authority is invoked. Courts have authority to freeze assets to preserve an equitable accounting of profits. *See Johnson & Johnson v. Advanced Inventory Mgmt.*, No. 20-cv-3471, 2020 U.S. Dist. LEXIS 248831, at *8 (N.D. Ill. July 20, 2020) (collecting cases); *see also Animale Grp. Inc.*, 256 F. App'x at 709; *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (upholding asset restraint to preserve profits remedy). Such relief is equally appropriate where, as

here, Plaintiff seeks disgorgement of Defendants' profits under the Copyright Act, 17 U.S.C. § 504(b).

Plaintiff seeks a permanent injunction, an accounting of Defendants' profits pursuant to the Copyright Act, and an award of its attorneys' fees. Plaintiff has thereby invoked this Court's equitable authority. *Levi Strauss*, 51 F.3d at 987; *Wheeless v. Gelzer*, 765 F. Supp. 741, 743 (N.D. Ga. 1991) (holding that request for attorneys' fees and monetary awards that are restitutionary in nature are equitable.).

Plaintiff's Complaint seeks, among other relief, that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts. An equitable accounting of profits under the Copyright Act, 17 U.S.C. § 504(b), furthers the congressional purpose by making infringement unprofitable and is justified because it deprives defendants of unjust enrichment and provides a deterrent to similar activities in the future. *Burger King Corp. v. Mason*, 855 F.2d 779, 781 (11th Cir. 1988). The Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze.

Plaintiff has shown a likelihood of success on the merits, an immediate and irreparable harm suffered as a result of Defendants' activities and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to offshore bank accounts. Accordingly, an asset restraint is proper.

### C.  Plaintiff is Entitled to Expedited Discovery

"[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 6-cv-6964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007). Courts have wide latitude in determining whether to grant a party's request for discovery. *Id.* Furthermore, courts have broad power over discovery and may permit discovery to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(d)(1).

Plaintiff requests expedited discovery to identify names and financial accounts Defendants use for their operations. The expedited discovery requested is limited to what is essential to prevent further irreparable harm. Discovery of these financial accounts so that they can be frozen is necessary to ensure that these activities will be contained. *See, e.g., CCA & B, LLC*, 2023 WL 11957219. Plaintiff's asset restraint may have little meaningful effect without corresponding expedited discovery.

### V.  THIS COURT MAY ISSUE A TRO WITHOUT A BOND

Federal Rule of Civil Procedure 65(c) requires that an applicant for a TRO or preliminary injunction provide security against the potential effects of a wrongfully-issued injunction. Fed. R. Civ. P. 65(c). However, it is well-established in this Circuit that the amount of security required by the rule is a matter within the discretion of the trial court, and the court may elect to require no security at all. *BellSouth*

*Telecom., Inc. v. MCIMetro Access Transmission Services, LLC*, 425 F.3d 964, 970 (11th Cir. 2005); *see, e.g., Georgia Coal. for People's Agenda, Inc. v. Kemp*, 347 F. Supp. 3d 1251, 1269 (N.D. Ga. 2018) (waiving bond requirement and citing *BellSouth*); *AFC Enterprises, Inc. v. Rest. Grp. LLC*, 1:10-CV-1772-TWT, 2010 WL 4537812, at *5 (N.D. Ga. Nov. 3, 2010) (rejecting defendant's argument that preliminary injunction was improperly granted because no bond was required); DJR Associates, LLC v. Hammonds, 241 F. Supp. 3d 1208, 1234 (N.D. Ala. 2017) ("The Eleventh Circuit . . . has said at least twice (although once in an unpublished opinion) that whether to set a bond as a condition to the issuance of a preliminary injunction and in what amount are within the discretion of the trial court.").

Courts have held that security is not required when the moving party has a high probability of succeeding on its claim. *University Books and Videos, Inc. v. Metropolitan Dade County*, 33 F. Supp. 2d 1364, 1374 (S.D. Fla. 1999). Finally, the burden is on Defendants to request a bond and submit evidence regarding the appropriate amount. *Mud Pie, LLC v. Deck the Halls, Y'all, LLC*, Case No. 17-cv-2789, 2017 WL 8942387 (N.D. Ga. Sept. 27, 2017) (ordering defendants to provide reasonable estimate of potential lost sales, with supporting documentation, within one week of order).

Plaintiff has demonstrated a substantial likelihood of success on the merits of its claims. Therefore, this Court may, and should, waive the requirement under Fed.

R. Civ. P. 65(c) for Plaintiff to post security. Alternatively, Plaintiff requests that the Court order Defendants to appear and provide an estimate of their potential lost sales, with supporting documentation, at the hearing on Plaintiff's motion for an order to show cause why a preliminary injunction should not issue.

## VI.  CONCLUSION

In view of the foregoing and consistent with previous similar cases, Plaintiff requests that the Court enter a Temporary Restraining Order in the form submitted herewith.

Date: August 14, 2025                                     Respectfully submitted,

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
Georgia Bar. No. 639678
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
 N. Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbee.law

Shengmao (Sam) Mu, *pro hac vice pending*
Abby Neu, *pro hac vice pending*
Ryan E. Carreon, *pro hac vice pending*
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*

16

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), counsel certifies that the foregoing document complies with one of the font type and size selections approved by the Court in L.R. 5.1(C): Times New Roman 14-point font.

**/s/ Jayma C. Leath**
Jayma C. Leath
