# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANAGRAM INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | **FILED UNDER SEAL** <br><br> Civil Action No. |

## DECLARATION OF JAY HARVEY PARAGOSO

I, Jay Harvey Paragoso, declare as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am a consultant for Anagram International, LLC ("Plaintiff"). In that capacity, I am responsible, in part, for Plaintiff's intellectual property enforcement and anti-counterfeiting efforts in connection with Internet related matters. I am

1

knowledgeable about or have access to business records concerning all information referenced herein, including, but not limited to, Plaintiff's trademarks, copyrights, other intellectual property, sales, on-line sales, advertising, marketing, media coverage and anti-counterfeiting activities. I make this declaration from matters within my own knowledge save where otherwise stated.

3. Plaintiff is the world's largest manufacturer and supplier of foil balloons.

4. Utilizing its original copyrighted designs and trademarks, Plaintiff sells foil balloons via its website, various web sales venues, and to other retailers and wholesalers in the party industry ("Plaintiff's Products").

5. Plaintiff has registered numerous works with the United States Copyright Office (the "Anagram Works"). which include United States Copyright Registration Nos. VA 2-060-573; VA 2-192-008; VA 2-247-524; VA 2-115-452; VA 2-192-096; VA 2-118-018; VA 2-059-085; VA 2-182-740; VA 2-176-628; VA 2-207-768; VA 2-153-036; VA 2-247-342; VA 2-207-765; VA 2-207-833; VA 2-182-738; VA 2-207-835; VA 2-059-129; and VA 2-207-821 (the "Anagram Works"). True and correct copies of the U.S. federal copyright registration certificates for the Anagram Works are attached to the Complaint as **Exhibit 1**.

6. Anagram International, LLC controls the quality of all materials and content that feature the distinctive Anagram Works.

7. Plaintiff operates a website where it promotes Plaintiff's Products at www.anagramballoons.com. Plaintiff's Products are featured and described on the website, and are available for purchase. The www.anagramballoons.com website features proprietary content, images, and designs exclusive to Plaintiff.



https://anagramballoons.com/products/

8. Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Anagram Works. As a result, products incorporating the Anagram Works are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products from Plaintiff. Plaintiff is a multi-million-dollar operation, and Plaintiff's Products have become among the most popular of their kind in the world.

9. Since their first publication, the Anagram Works have been used on the Plaintiff's Products and are featured on Plaintiff's website. Plaintiff's Products featuring the Anagram Works are advertised on Plaintiff's website.

10. The success of the Plaintiff's brand has resulted in significant counterfeiting of the Anagram Works. Consequently, Plaintiff has a worldwide anti-counterfeiting program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. In recent years, Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the seller aliases identified in Schedule A to the Complaint (the "Defendant Internet Stores"), which were offering for sale and/or selling unauthorized and unlicensed products, using infringing and counterfeit versions of the Anagram Works (the "Infringing Products") to consumers in this Judicial District and throughout the United States.

11. Anagram International, LLC is aware of investigations related to internet-based infringement of the Anagram Works. The investigations show that Defendants are using the Defendant Internet Stores to sell infringing Anagram Products from foreign countries such as China to consumers in the United States. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that infringing Anagram Products were being offered for sale to the United States, including Georgia. The Defendants and their websites do not conduct

4

business with us and do not have the right or authority to use the copyrights for any reason. True and correct copies of screenshot printouts showing the active e-commerce stores operating under the Defendant Internet Stores reviewed are attached to the Complaint as **Exhibit 2**.

12.     Defendants have targeted sales to United States residents by setting up and operating e-commerce stores that target U.S. consumers using one or more Defendant Internet Stores, offer shipping to the U.S., accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents of the United States.

13.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Alipay, Amazon Pay, and/or PayPal. E- commerce stores operating under the Defendant Internet Stores often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use any of

the Anagram Works and none of the Defendants are authorized retailers of genuine Plaintiff's Products.

14. Many Defendants also deceive unknowing consumers by using the Anagram Works without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Plaintiff's Products.

15. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Defendant Internet Stores by providing false, misleading and/or incomplete information to Internet based e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

16. E-commerce store operators like Defendants regularly register or acquire new Defendant Internet Stores for the purpose of offering for sale and selling Infringing Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

17. Even though Defendants operate under multiple fictitious aliases, the e- commerce stores operating under the Defendant Internet Stores often share unique identifiers, such as templates with common design elements that intentionally omit

any contact information or other information for identifying Defendants or other Defendant Internet Stores they operate or use. E-commerce stores operating under the Defendant Internet Stores include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Infringing Products for sale by the Defendant Internet Stores bear similar irregularities and indicia of being unauthorized to one another suggesting that many of the Infringing Products may be manufactured by and come from a common source and that Defendants are interrelated.

18. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

19. Counterfeiters such as Defendants typically operate under multiple Defendant Internet Stores and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial

accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff.

20. Monetary damages cannot adequately compensate Plaintiff for ongoing infringement because monetary damages fail to address the loss of control of and damage to Plaintiff's reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to Plaintiff's reputation and goodwill by acts of infringement.

21. Plaintiff's goodwill and reputation are irreparably damaged when the Anagram Works is used in connection with the offering for sale or sale of goods not authorized, produced, or manufactured by Plaintiff. Moreover, brand confidence is damaged, which can result in a loss of future sales and market share.

22. Plaintiff is further irreparably harmed by the unauthorized use of the Anagram Works because counterfeiters take away Plaintiff's ability to control the nature and quality of the Infringing Products. Loss of quality control over goods offered for sale or sold under the Anagram Works and, in turn, loss of control over our reputation is neither calculable nor precisely compensable.

23. The use of the Anagram Works in connection with the offering for sale or sale of goods not authorized, produced, or manufactured by Plaintiff is likely causing and will continue to cause consumer confusion, which weakens Plaintiff's

brand recognition and reputation. Consumers who mistakenly believe that the Infringing Products he or she has purchased originated from Plaintiff will come to believe that Plaintiff offers low-quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine Plaintiff's Products, resulting in a loss or undermining of Plaintiff's reputation and goodwill. Indeed, there is damage to Plaintiff's reputation and goodwill even if a consumer knows that the goods he or she is purchasing are counterfeit. Prospective consumers who see inferior Infringing Products worn by others may mistakenly believe such goods to be genuine and may consequently develop a poor impression of Plaintiff and the Anagram Works. Such post-sale confusion results in damage to Plaintiff's reputation and correlates to a loss of unquantifiable future sales.

24.   Plaintiff is further irreparably damaged due to a loss of exclusivity. Plaintiff's Products are meant to be exclusive. Plaintiff's extensive marketing and innovative designs are aimed at growing and sustaining sales. The Anagram Works is distinctive and signify to consumers that the products originate from Plaintiff and are manufactured to Plaintiff's high quality standards. When counterfeiters use the Anagram Works to offer for sale or sell goods without Plaintiff's authorization, the exclusivity of Plaintiff's products, as well as Plaintiff's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

25. Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This the 11th day of August, 2025.

_____
Jay Harvey Paragoso