# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANAGRAM INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Civil Action No. 25-cv-04622 |

## PLAINTIFF'S RESPONSE TO DEFENDANT COOPER LIFE'S MOTION TO STRIKE JOINT STATUS REPORT

Defendant's Motion to Strike [Doc. 39] and Amended Motion to Strike ("Amended Motion") [Doc. 40] are filed in bad faith, lacking any factual or legal support. Nonetheless, with the hope that the Parties could come to a resolution and Plaintiff would not have to file this response, Plaintiff's Counsel, Shengmao Mu ("Mu"), reached out to Defendant Cooper Life's Counsel, Jianyin Liu ("Liu"), in an effort to resolve the issues Defendant has with the Joint Status Report (Doc. 38). Unfortunately, the Parties were unable to reach an agreement. Therefore, Plaintiff submits its Response and respectfully requests that the Court deny Defendant's Amended Motion.

On September 10th, Plaintiff's Counsel, Mr. Mu, forwarded Mr. Liu a proposed joint status report which included a term to extend the TRO until the Court ruled on entering a preliminary injunction against Defendant Cooper Life. Declaration of Shengmao Mu ("Mu Declaration") ¶ 2. Mr. Liu responded that same day that there were "No additional edits from **us.**" *Id.* at ¶ 3 (emphasis added); Exhibits 1 and 2 attached thereto.



Part of Exhibit 1

On September 11, 2025, Mr. Mu discussed the proposed joint status report in a phone conversation with Mr. Liu's co-counsel, Abena K. Abayomi-Rogers ("Rogers"). *Id.* at ¶ 4. During the call, Ms. Rogers advised Mr. Mu that she was not copied on the prior email where Mr. Liu approved the edits for the proposed joint status report. *Id.* Mr. Mu forwarded Ms. Rogers the email containing Mr. Liu's

written confirmation, but Ms. Rogers was unwilling to sign the proposed joint status report approved by Mr. Liu. *Id.* Mr. Mu called Mr. Liu to discuss this matter, but he did not answer the call. *Id.* The Joint Status Report [Doc. 38] ("Report") was filed and only included Mr. Liu's signature. *See* Doc. 38. After the Report was filed, Mr. Liu called Mr. Mu and told him neither he nor Ms. Rogers agreed with extending the TRO until the Court ruled on entering a preliminary injunction against Defendant Cooper Life. *Id.* at ¶ 6. The discussion was not productive. *Id.* Shortly thereafter, Mr. Liu sent an email to Amazon falsely claiming that the TRO had been released as to Defendant Cooper Life, and the PI Order was not applicable to Defendant Cooper Life. *Id.* at ¶ 7; *see* Exhibit 3 attached thereto. In an effort to resolve the matter, Mr. Mu then emailed Mr. Liu and asked if the only issue that they disagreed with in the Joint Status Report was extending the TRO, and Mr. Liu stated that "[i]n the PI issued at 1:00 pm or so, it stated that the TRO will expire and the PI will not be issued toward Cooper Life." *Id.* at ¶ 8; *see* Exhibit 4 attached thereto.

When Plaintiff's Counsel and Defendant's Counsel were discussing the proposed status report and Mr. Liu replied to Plaintiff's counsel that there were no additional edits from "us," Plaintiff's counsel believed that Mr. Liu was providing consent as to both himself and Ms. Rogers because the word "us" implies more than one person. It is now evident that Defendant's counsel did not confer between themselves before Mr. Liu presented a confirmation on behalf of both himself and

Ms. Rogers. Indeed, this situation could have been avoided had Mr. Liu engaged in a discussion with Ms. Rogers before Mr. Liu approved the Report. More troubling is the fact that once Mr. Liu learned the preliminary injunction that the Court entered expressly lifted the TRO against Cooper Life for the time being, Mr. Liu then openly admits that "[o]n second look at the PI entered. . . [he] should 'retreat' his agreement to extend the TRO." *See* Exhibit 1.



Part of Exhibit 1

Not only does Mr. Liu's statement clearly contradict his accusation that Mr. Mu falsely obtained his signature, but it casts a great deal of clarity on the true reason for Defendant's Amended Motion – Defendants want access to the funds that are currently frozen until the Court makes a ruling on entering a preliminary injunction against Defendants. This is evidenced by Liu's email to Amazon falsely claiming that the TRO had been released as to Defendant Cooper Life, and the PI Order was not applicable to Defendant Cooper Life. *See* Exhibit 3.

> **25-cv-4622, GAND, Anagram Intl LLC v. Schedule A Defs., Cooper Life** External
>
> Jianyin Liu  12:20 PM (4 hours ago)
> to Hollyn, me
>
> Hi Hollyn,
>
> For Cooper Life, the TRO has been released (see p. 7, Item (i) of the PI Order) and the PI Order attached is not applicable to Cooper Life. Can you release Cooper Life? Thanks. Plaintiff's counsel is copied herein.
>
> Store Name: Cooper Life
> Store ID: A1RY3HPOIUZD8A
> ASIN: B087RW4LVT
>
> Sincerely,
>
> Jianyin Liu, Esq.
> The Law Offices of James Liu PLLC
> 15750 SW 92nd Ave Unit 20C,
> Palmetto Bay, FL 33157
> Ph: (305) 209 6188  Fax: (305) 402 5959
> Email: jamesliulaw@gmail.com
> Http://jamesliulaw.com

Once Mr. Liu learned the Preliminary Injunction issued by the Court did not apply to Defendant Cooper Life, Mr. Liu attempted to have Amazon lift the asset restraint in order to provide Defendant Cooper Life access to frozen funds. Although Mr. Liu later contacted Amazon and asked Amazon to disregard his previous request, his conduct remains egregious and contemptuous.

Defendant characterizes its Amended Motion as an "emergency" implying that Plaintiff caused the emergency. Yet, Defendant fails to articulate why its Amended Motion is an emergency and what immediate damage Defendant is suffering. Defendant engages in gamesmanship evidenced by its change in position as to the agreed-upon Joint Status Report once learning that the Preliminary Injunction did not apply to them and further exacerbates the situation with their

frivolous filing of the Motion to Strike and Amended Motion. Plaintiff will suffer harm if the Court grants Defendant's Amended Motion because Defendant will have access to funds that comprise the profits obtained from sales of the infringing product.

WHEREFORE, for the reasons stated above, Plaintiff hereby respectfully requests the Court deny Defendant Cooper Life's Amended Motion to Strike as there is no emergency matter to resolve.

Dated: September 12, 2025

Respectfully submitted,

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
Georgia Bar No. 639678
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbee.law

Shengmao (Sam) Mu, *pro hac vice pending*
Abby Neu, *pro hac vice pending*
Ryan E. Carreon, *pro hac vice pending*
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*