# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANAGRAM INTERNATIONAL, LLC,<br><br>    Plaintiff,<br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | CIVIL ACTION NO.:<br>1:25-cv-04622-MHC |

## STATUS REPORT OF
## DEFENDANT DOE NO. 34 D/B/A KATCHON™ STORE

Defendant DOE No. 34 d/b/a KatchOn™ Store ("KatchOn") hereby submits the following status report in the above-styled civil action and states as follows:

(1) As evidenced in Docket Entry 38 (at 2-3), KatchOn and Plaintiff Anagram International, LLC ("Plaintiff") reached agreement, as directed by the

Court, on a briefing schedule for KatchOn's objections and defenses raised during the September 9, 2025 hearing as follows:[1]

    a. KatchOn's opening brief: Friday, September 19, 2025;

    b. Plaintiff's response brief: Friday, September 26, 2025; and

    c. KatchOn's reply brief: Friday, October 3, 2025.

(2) Otherwise, KatchOn and Plaintiff did not reach an agreement on modification of the restraint scope of the previously issued Temporary Restraining Order [DE 12] if it is continued in the interim during the above briefing schedule and until the Court rules on KatchOn's objections and defenses.

(3) Subject to express non-waiver of KatchOn's objections, on Wednesday morning, September 10, 2025, KatchOn proposed to Plaintiff that the Temporary Restraining Order be modified (as to KatchOn), in the interim, to limit the scope of the ongoing restraint placed on the assets and proceeds of KatchOn's online Amazon store to only those specific products that Plaintiff has identified that are alleged to infringe on Plaintiff's copyrights.[2] To that end and for that primary purpose,

---

[1] Plaintiff's Counsel's statement to the Court in Docket Entry 38 that KatchOn "refused to provide any input" is obviously untrue as these are the dates that KatchOn proposed for the briefing schedule.

[2] As the Court may recall, Plaintiff's Complaint only specifically identified one alleged infringing KatchOn product (a cartoon pineapple balloon). [DE 1-3] at 26-37. During the September 9, 2025 hearing, Plaintiff's counsel stated that Plaintiff had identified another alleged infringing KatchOn product (a cartoon flamingo balloon), although, as Plaintiff's counsel admitted at the hearing, that copyright was not part of Plaintiff's Complaint. Subsequent to the hearing, as part of meet and

KatchOn subsequently also provided Plaintiff with proposed terms for modifying an interim Temporary Restraining Order as reflected in Exhibit 1, attached hereto. As of this filing, however, Plaintiff's counsel's stated position is that "Anagram cannot agree to modify the Tro." *See* Exhibit 2.[3]

(4) In its September 11, 2025 submission [DE 38], Plaintiff represented that "Plaintiff has confirmed that Amazon has only disabled the infringing [cartoon Pineapple] link" and "On September 10, 2025, Plaintiff discovered additional **27 ongoing** infringing links offered by DOE 34." [DE 38] at 2 (emphasis in original). These statements are misleading and untrue. "Amazon" has not disabled any alleged infringing link(s) – those steps were taken by KatchOn. Just as it was KatchOn who took the steps to disable the additional purported infringing products that Plaintiff eventually identified after the hearing, more than half of which had already been disabled by KatchOn before Plaintiff ever sent its list on the evening of September 10, 2025. And for any remaining alleged infringing products, KatchOn immediately

---

confer efforts, KatchOn invited Plaintiff to identify any additional specific products on the KatchOn online Amazon Store that Plaintiff believed may infringe its asserted copyrights. Plaintiff did not send the requested additional information to KatchOn's counsel until 5:43 PM (est) on September 10, 2025.

[3] KatchOn has been informed by Amazon that Plaintiff, as the "Rights Owner," has the ability to authorize modification of the funds currently held by Amazon as a result of the Temporary Restraining Order.

began implementing the steps necessary to disable those links too (regardless of KatchOn's belief as to the viability, or lack thereof, of Plaintiff's allegations).

(5) In its September 11, 2025 submission [DE 38], Plaintiff also represented to the Court that "DOE 34's store is otherwise operational as to non-infringing items." [DE 38] at 2. That representation is, at best, intentionally misleading. As Plaintiff (and its counsel) know, the assets (existing and future proceeds) of the entire KatchOn store (no matter what product) are presently frozen as a result of the Temporary Restraining Order. Not only does that mean that the $49,533.28 that Plaintiff identifies as frozen includes proceeds from non-infringing products, but it also means that all ongoing proceeds for all sales of, indisputably, non-infringing products continue to be restrained. That amount continues, and will continue, to grow significantly each day.[4] And given that the specific products that Plaintiff alleges were infringing have all been disabled on KatchOn's online Amazon store, every new dollar that is currently being restrained clearly has nothing to do with Plaintiff's alleged copyrights or alleged infringement.

(6) Accordingly, KatchOn renews its request to the Court to dissolve the Temporary Restraining Order as to KatchOn or, if the Court is going to continue the

---

[4] Based on current information, KatchOn estimates that the amount of assets frozen by Amazon has already increased to almost $150,000.

Order in the interim until the Court rules on KatchOn's objections and defenses, that the interim Order be modified as reflected in Exhibit 1,[5] including to limit the scope of the ongoing asset restraint and freeze to only those proceeds directly associated with the sale of the alleged infringing products (now all disabled) on KatchOn's online Amazon store and to expressly lift the existing and any ongoing restraint and freeze of proceeds from KatchOn's sales of non-infringing products that are, indisputably, not within the scope of Plaintiff's Complaint.

Respectfully submitted this 12th day of September 2025,

By: */s/ Jeffrey R. Baxter*
JEFFREY R. BAXTER
Georgia Bar No. 142356
jbaxter@bakerlaw.com
**BAKER & HOSTETLER LLP**
1170 Peachtree Street, Suite 2400
Atlanta, Georgia 30309-7676
Telephone: (404) 946-6694

JOHN M. MUELLER
Admitted *pro hac vice*
jmueller@bakerlaw.com
**BAKER & HOSTETLER LLP**
312 Walnut Street | Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3413

---

[5] By reasserting this request for interim relief, KatchOn is not waiving, and is not intending to waive, any of its to be briefed objections and defenses to the overall case and the injunction orders, including, as asserted at the hearing, misjoinder, invalid service, and lack of jurisdiction among other grounds.

*Attorneys for Defendant DOE No. 34
d/b/a KatchOn™ Store*

# CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing Status Report of Defendant DOE No. 34 d/b/a KatchOn™ Store with the Clerk of the Court using the CM/ECF system, which automatically issues Notice of Electronic Filing to all counsel of record.

This 12th day of September 2025.

                                                   */s/ Jeffrey R. Baxter*
                                                   JEFFREY R. BAXTER
                                                   Georgia Bar No. 142356