# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
1:25-CV-4622-MHC

ANAGRAM INTERNATIONAL LLC,

Plaintiff,

v.

ADEYOO STORE ET AL,

Defendant.

_____/

## VERIFIED REPLY TO PLAINTIFF'S RESPONSE TO EMERGENCY MOTION TO STRIKE

Defendant COOPER LIFE ("Defendant"), and the undersigned counsel, respectfully reply to Plaintiff's Response to Emergency Motion to Strike [DE 41] ("Response")and state as follows:

1. The following reply is Jianyin Liu's verified and sworn reply/testimony under penalty of perjury as the communication among my co-counsel Abena K. Abayomi-Rogers ("Rogers), Plaintiff's counsel Shengmao Mu ("Mu") and myself ("Liu").

**I. NO ALEGED DISCUSSION OCCURRED.**

2. Mu's sworn declaration attached to the Response [DE 41] is patently contradicted by the chronology of events as reflected by emails, the documents and his own exhibits, thus an evident misrepresentation and fraud to this Court. *See* Mu's Decl., DE 41-1.

3. Mu declared that "[a]fter the Report was filed, Mr. Liu called Mr. Mu and told him neither he nor Ms. Rogers agreed with extending the TRO until he Court ruled on entering a

preliminary injunction against Defendant Cooper Life." Response, p. 3, ¶ 1. "The discussion was not productive." *Id.*

4. This is a patent misrepresentation as contradicted by his own email dated Sept. 11, 2025:

> Mr. Liu expressly agreed to the briefing schedule proposed. I called him at 2:09 PM (ET) but he did not pick up, so I left the voicemail asking him to get back to me as we are going to file this report soon. I called you at 2:11 PM (ET) and you did not pick either. So I also left you a voicemail. You called me back at 2:15 PM (ET) and you stated that you did not know Mr. Liu agreed to the proposed joint status report as Mr. Liu did not copy you in the email. I forwarded his email confirming approval of the joint status report while we were on the phone. I also emailed both of you at 2:22 PM (ET) confirming that I will file the joint status report with only his name. Mr. Liu read my email at 2:29 PM (ET) but did not respond or object. The status report was then filed at 3:17 PM (ET). **Mr. Liu called me at 3:24 PM (ET) but unfortunately I was on another conference call.**

*See* Exhibit A for Mu's Email dated Sept. 11, 2025 at 4:49 pm (emphasis added by Defendant).

5. Liu made only one call to Mu and Mu did not pick up. No voicemail was left. However, Mu declared under oath that "the discussion was not productive." *See* Figure 1 below. The call lasted for two seconds only as it was not picked up. Thus, no alleged "discussion" actually occurred. Mu patently misrepresented under oath to this Court, notwithstanding that he admitted that he was no another conference call and no discussion occurred.



**Figure 1: Call to Mu at 3:24 PM, Sept. 11, 2025.**

## II. MU'S MANIPULATION OF CHRONOLOGY OF EVENTS TO COVER MU'S WRONGDOING.

6. Mu mentioned that "**[s]hortly thereafter [the discussion with Mr. Liu at 3:24 PM]**, Mr. Liu sent an email to Amazon falsely claiming that the TRO had been releases as to Defendant Cooper Life and the PI Order was not applicable to Defendant Cooper Life." Response, p. 3. In fact, Mr. Liu sent the alleged email to Amazon a few hours before

7. Mu once again changed the actual sequence of events to mislead this Court. Liu's call to Mu was made at 3:24 PM (ET) on Sept. 11 as mentioned in his email (Ex. A), however, the email sent by Liu to Amazon was at 12:20 PM (ET) on the same day as reflected by Exhibit 3 of the Response. *See* Figure 2 below for the the screenshot from Ex. 3 of the Response, p. 2. Thus, it is not short after the alleged discussion that actually never happened, but a few hours before the 3:24 PM call.

**Figure 2: Ex. 3 of the Response, Liu's Email to Amazon**.

## III. MU'S FALSE ACCUSATION

8. The PI Order [DE 37] clearly excepted Cooper Life from the PI and the TRO was lifted. No false information was provided to Amazon. The client asked Liu to do so and Liu did not find anything inappropriate. Every store is eager to get out of TRO as much as possible, as long as the court order permits so.

9. After realizing that there might be disputable of the effect of TRO, Liu immediately sent another email to Amazon and requested to disregard the request.

10. Mu declared that "Mr. Liu send an email to Amazon falsely claiming that the TRO had been released as to Defendant Cooper Life and the PI Order was not applicable to Defendant Cooper Life." Response, p. 3, ¶ 1.

11. It is not incorrect as reflected by the PI [DE 37].

12. PI [DE 37] clearly excepted Cooper Life from the TRO and PI. However, whether to keep the TRO in place during the interim period, Liu was not very clear. Liu retreated his email to Amazon notwithstanding client's push-back, indicating he exercised caution in this matter.

**IV. WHEN ROGERS OBJECTED AFTER LIU, MU SHOULD NOT SIMPLY BLAME NO DISCUSSION BETWEEN DEFENDANT'S ATTORNEY**

13. Mu mentioned that [w]hen Plaintiff's Counsel and Defendant's Counsel were discussing the proposed status report and Mr. Liu replied to Plaintiff's counsel that there were no additional edits from 'us,' Plaintiff's counsel believed that Mr. Liu was providing consent as to both himself and Ms. Rogers because the word "us" implies more than one person." Response, p. 3, ¶ 2.

14. Rogers objected to the filing of the Report a few hours after Liu's consent email, which apparently indicated that Mu needs to have both attorneys' permission to file the Report.

14. In fact, Mu called Liu at 2:09 PM on Sept. 11 to push for the signature of Rogers in his voicemail. However, without second attempt of calling Liu or allowing Liu to discuss with Rogers, Mu filed the Joint Status Report [DE 38], knowing Rogers objected to the Report. The voicemail of Mu can be produced if necessary for evidentiary hearing.

15. As Mu admitted that that Ms. Rogers was unwilling to sign the proposed joint status report approved by Mr. Liu. Response, p. 3, ¶. Mr. Mu called Mr. Liu at around 2 PM to discuss this matter, but he did not answer the call. Id.

16. Mu blamed that this could have been avoided had Mr. Liu engaged in a discussion with Ms. Rogers before Mr. Liu approved the Report. Response, p. 4, ¶ 1.

17. Rogers was at the hearing, with more knowledge on what occurred during the hearing. When she objected, Mu should have obtained her consent to file the Report, rather than conveniently dropping her signature and filing the Report when she expressly objected to Mu after Liu's "no edits" comments.

**V. MU'S ALLEGED CONFIRMATION DID NOT OCCUR**

18. As Rogers declared in her Declaration attached, she told Mu that after Mu confirmed with Liu, it is Okay to drop her signature. *See* Rogers' Declaration, p. 1-2, ¶¶ 1-5, in particular, ¶ 4.

19. However, with false confirmation by leaving a voice message to Liu only to push for Rogers' agreement, Mu misrepresented that he had already obtained Liu's consent at around 3:00 PM on Sept. 11 and filed the Report.

I swear under oath the facts I described above is true and to the best of my knowledge.

/s/ Jianyin Liu

Date: Sept. 13, 2025.

Dated: September 13, 2025

        Respectfully submitted,

        /s/ Jianyin Liu
        Jianyin Liu, Esq.
        Florida Bar No. 1007675
        The Law Offices of James Liu PLLC
        15750 SW 92nd Ave, Unit 20C
        Palmetto Bay, FL 33157
        Telephone: (305) 209-6188
        Email: jamesliuclaw@gmail.com

        Counsel for Defendant COOPER LIFE

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on all counsel of record on September 13, 2025.

        /s/ Jianyin Liu
        Jianyin Liu, Esq.