IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANAGRAM INTERNATIONAL, LLC,

      Plaintiff,

v.

COOPER LIFE, et al,

      Defendants.

Civil Action No. 1:25-cv-4622-MHC

**ANAGRAM INTERNATIONAL, LLC'S RESPONSE IN SUPPORT OF ITS
MOTION FOR A PRELIMINARY INJUNCTION**

Anagram International, LLC files this reply to Defendant Cooper Life's opposition [Dkt. 55] to Anagram's Motion for Preliminary Injunction and states as follows:

I.     **INTRODUCTION**

Defendant Cooper Life's ("Defendant") filing at Dkt. #55 ("Objection") consists entirely of inadmissible speculation and lacks any credible evidence. Defendant fundamentally misapplies and misinterprets established copyright precedent, fails to overcome the statutory presumption of validity, offers only unauthenticated screenshots from 2019–2020, and concedes copying Plaintiff Anagram's pineapple-shaped foil balloon design (the "Pineapple Balloon Work"). On this record, Anagram has overwhelmingly demonstrated its likelihood of success

1

on the merits and the urgent necessity for immediate injunctive relief to prevent further irreparable harm to its intellectual property rights.

Defendant advances three primary arguments. First, relying on patent law terms such as "prior art," Defendant contends that the Pineapple Balloon Work lacks sufficient originality because it is not novel. Objection at pp. 4-6. While "novelty" is a requirement in *patent* infringement, it is not in *copyright* infringement, and the Supreme Court has expressly stated that "novelty" is not required for copyright protection. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 342 (1991) ("Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying."). Second, Defendant contends that "similar" designs were available before Anagram registered the Pineapple Balloon Work citing examples from 2019, but fails to provide any evidence that Anagram, the world's leading innovator and largest manufacturer of foil balloons, could have copied designs from Amazon and Etsy sellers whose earliest documented existence is 2019 - four years after Anagram's original 2015 creation. Objection, pp. 6-8. Finally, Defendant contends that Anagram has provided "no evidence" substantiating the 2015 publication date (Objection, pp. 4-6) but deliberately disregards Anagram's certificates of registrations, which were timely registered within five years of publication and

constitute conclusive prima facie evidence of the copyright's validity. *Latimer v. Roaring Toyz, Inc.,* 601 F.3d 1224, 1227 (11th Cir. 2010).

Given Defendant's clear infringement, the statutory presumption of validity, and the ongoing irreparable harm to Anagram's intellectual property rights, the Court should grant Anagram's Motion for a Preliminary Injunction to prevent further damage to Anagram's business and protect the integrity of its copyrighted works.

## II.    DEFENDANT'S JOINDER ARGUMENT IS MOOT

Defendant devotes significant space to arguing that granting a preliminary injunction would be imprudent due to allegedly improper joinder of parties. Plaintiff disagrees with Defendant's argument. However, to save valuable judicial resources and narrow scope of disputes, the parties have stipulated to sever Defendant from the main case into a separate case. Dkt. #64. Thus, Defendant's joinder argument is now moot.

## III.    ANAGRAM HAS SHOWN A LIKELIHOOD OF SUCCESS ON THE MERITS OF ITS COPYRIGHT CLAIM

### A.    Anagram Is Entitled To a Presumption of Validity of the Copyright for its Pineapple Balloon

To establish *prima facie* copyright infringement, the two elements that must be proven are (1) ownership of a valid copyright, and (2) copying of constituent elements of a work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). 17 U.S.C. § 410 provides that:

3

> In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

17 U.S.C. § 410(c). "[I]t is well-settled that ownership of the copyright is demonstrated through compliance with the formalities of registration," particularly when the opposing party offers no contradictory evidence. *Lifetime Homes, Inc. v. Residential Development Corp.*, 510 F. Supp. 2d 794, 801 (M.D. Fla. 2007) (citing *Donald Frederick Evans & Assoc., Inc., v. Cont'l Homes, Inc.*, 785 F.2d 897, 903 (11th Cir. 1986)). Additionally, a court may judicially notice U.S. Copyright Office records under Federal Rule of Evidence 201. *Frazetta v. Vanguard Prods., LLC*, 716 F. Supp. 3d 1265, 1273 (M.D. Fla. 2024).

Here, as Defendant concedes, Anagram has registered the Pineapple Balloon Copyright with the United States Copyright Office under registration VA 2-192-097 with an effective registration date [1] of November 8, 2019. As conclusively established by the certificate of registration, the Pineapple Balloon Work was created in 2015 and first published on June 15, 2015. *See* Complaint ¶4, Exhibit 1; *see also*

---

[1] Defendant erroneously asserts a registration date of February 24, 2020. *See* Objection at p. 2. However, as stated on the registration certificate which Defendant incorporated into page 5 of its Motion, February 24, 2020, is the registration *decision* date, i.e. the date the Copyright Office reviewed and made a decision as to Anagrams registration application. The certificate clearly shows the "Effective Date of Registration" as November 8, 2019.

https://api.publicrecords.copyright.gov/search_service_external/copyrights/pdf?copyright_number=VA0002192097 (last visited September 25, 2025).

Defendant has failed to present any credible evidence challenging the validity of Anagram's registrations. Because Anagram registered the Pineapple Balloon Work within five years of first publication, Anagram is entitled to the statutory presumption of validity in its copyright as well as the presumption of validity of the facts stated in the certificate. 17 U.S.C. § 410(c).

Moreover, independent of the statutory presumption, the Pineapple Balloon Work exceeds the minimum level of creativity required for copyright protection. A work is considered original to the author and qualifies for copyright protection if the work is independently created by the author and possesses some minimal degree of creativity. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). To meet the creativity requirement even a slight amount of creativity will suffice. The level of creativity required for copyrightability is extremely low and the work satisfies that requirement so long as it "possess[es] some creative spark, 'no matter how crude, humble or obvious it might be.'" *Id.* quoting Nimmer on Copyright § 1.08[C][1]) (internal citations omitted).

Defendant claims that the Pineapple Balloon Work "is neither novel nor original" because "[p]ineapple-shaped foil balloons were a staple in party supplies" before the Pineapple Balloon Work was created or published. Objection at p. 5.

Regarding the issue of "novelty" the Supreme Court has expressly stated that "[o]riginality does not signify novelty . . . ." *Feist*, 499 U.S. at 345.

Defendant relies on *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003), however the *Satava* court's holding only applies to copyright protection for literal, realistic depictions of natural objects. Indeed, *Satava* specifically recognized that the artist at issue "has made some copyrightable contributions" and that "Satava may prevent others from copying the original features he contributed, but he may not prevent others from copying elements of expression that nature displays for all observers, or that the glass-in-glass medium suggests to all sculptors." *Id.* at 812.

*Satava* is distinguishable here, because Pineapple Balloon Work constitutes a stylized artistic interpretation rather than a realistic depiction of a pineapple. Indeed, Anagram does not purport to have originated the idea of, or own the copyright to, the unprotectable idea of a pineapple balloon. Rather, Anagram asserts protection over the specific creative expressions of embodied in the Pineapple Balloon Work. Original protectable expressions, which Defendant has knowingly, willfully, and deliberately copied in violation of 17 U.S.C. § 501, warranting enhanced statutory damages, include the distinct four-pointed frond of the Pineapple Balloon Work which is accentuated with a thick dark green line along the outline of the crown of the pineapple. In addition, the yellowish-orange body of the pineapple is accentuated

6

with dark colored "v" shapes below a single white dot in a cartoonish representation of pineapple bracts:



Defendant's conspicuous failure to deny copying Anagram's Pineapple Balloon Work constitutes a tacit admission of verbatim copying, including the protectable expressions illustrated above. This blatant and continuing infringement

causes immediate and irreparable harm to Anagram's market position and goodwill, which can only be remedied through preliminary injunctive relief. The nature of this harm, particularly the damage to Anagram's reputation and market position, makes it extremely difficult to calculate precise monetary damages. Moreover, given the potential long-term effects on Anagram's brand value and market share, monetary damages alone would be inadequate to fully compensate for the harm caused by the infringement. Defendant does not identify any evidence demonstrating that any of the protectable expressions in the Pineapple Balloon Work existed prior to its creation in 2015, further supporting the urgent need for court intervention.

Copyright protection automatically vests by operation of law the moment any original work of authorship is fixed in a tangible medium of expression from which it can be perceived, ensuring immediate and comprehensive legal protection. *See* 17 U.S.C. § 102(a). As indicated in the statute, the "registration is not a condition of copyright protection." 17 U.S.C. § 408(a). One does not "obtain" a copyright through registration, rather a claimant merely registers its claim of copyright in a work with the Copyright Office.

Defendant has presented screenshots of balloons identical to the Pineapple Balloon Work purportedly showing that identical balloons were sold in 2019 and 2020. However, even if the screenshot evidence is accurate, the fact that another person or entity sold identical pineapple balloons in 2019 and 2020 is irrelevant

8

because Anagram created and obtained a protectable copyright interest in the Pineapple Balloon Work at least four years earlier in 2015. *See* Complaint ¶4, Exhibit 1. The fact that Anagram *registered* the copyright to the Pineapple Balloon Work in February of 2019 does not mean that it *obtained* a copyright interest on that date. Indeed, because the Pineapple Balloon Work was published on June 15, 2015, the screenshots provided by Defendant, which postdate Anagram's first publication date, demonstrates an ongoing pattern of widespread unauthorized copying and willful infringement, causing immediate and substantial harm to Anagram's market position of Anagram's previously published and protected Pineapple Balloon Work in 2019 and 2020.

Finally, Defendant contends that Anagram has provided "no evidence" to substantiate the June 2015 first publication date because Plaintiff has not provided "affidavits, timestamps, or metadata." Objection at p. 5. Once again, Defendant's argument misses the mark. As explained above, Anagram is entitled to a statutory presumption of validity of "the facts stated in the certificate [of copyright registration]." 17 U.S.C. § 410(c). Anagram's registration for the Pineapple Balloon Work states that the work was created in 2015 and first published on June 15, 2015. *See* Complaint ¶4, Exhibit 1.

Defendant argues that due to the alleged lack of evidence the Court "cannot credit the Registrations presumption." Objection at p. 5. However, where a

9

rebuttable presumption or copyright validity exists, the burden is on the infringer to rebut the presumption, and not on the copyright holder to justify it. *See Langman Fabrics v. Graff Californiawear, Inc.*, 160 F.3d 106, 111 (2d Cir. 1998) ("The statutory presumption is by no means irrebuttable, but it does order the burden of proof. … Therefore, the defendants bear the burden of going forward with proof that [the plainitff] was not the author of the design."). Here, Defendant has not carried its burden to show any evidence suggesting that Anagram is not the creator of the Pineapple Balloon Work or that any of the information in the registration is incorrect. Instead, Defendant merely points to why it believes Plaintiff has not carried its burden while ignoring the fact that Plaintiff has carried its burden through the statutory presumption.

Because the date of publication in Anagram's registration certificate is conclusively presumed correct Defendant bears the burden of producing proper evidence to overcome the statutory presumption regarding Anagram's first publication date. *See Latimer,* 601 F.3d at 1233. Defendant has provided no such evidence.

Moreover, even if Defendant could somehow demonstrate that the publication date stated on the registration certificate was incorrect (which it cannot), such information would not invalidate Anagram's copyright certificate absent clear and convincing evidence of an intent to defraud the Copyright Office. *See Unicolors,*

10

*Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 184 (2022). Defendant has provided no evidence to suggest that Anagram's registration is inaccurate much less any evidence that Anagram acted with an intent to defraud the Copyright Office.

The only evidence currently in the record is that Anagram created and published the Pineapple Balloon Work in 2015 and that Defendant copied the Pineapple Balloon Work in 2025. Given the state of the evidentiary record, Anagram is likely to prevail on its copyright infringement claim. To the extent that additional evidence is developed in discovery, Defendant may subsequently present that evidence and move to vacate the preliminary injunction at the appropriate time. However, as it stands, Defendant has not provided any evidence to defeat the presumption of validity of Anagram's copyright in the Pineapple Balloon Work.

## IV.    SUPREME COURT PRECEDENT FORECLOSES DEFENDANT'S LACHES ARGUMENT

Defendant asserts two interrelated arguments about Anagram's alleged "delay." First, Defendant alleges that Anagram's "unexplained delay in registration" suggests that the Pineapple Balloon Work "was not viewed as original or protectable at inception" and that "Courts infer lack of originality for such delays." Objection at pp. 8-9.

As an initial matter, Defendant's contention about what Courts allegedly "infer" falls flat since Defendant has not cited to a single case supporting this contention. Regardless, Defendant's argument flies directly in the face of the

11

statutory text which affords copyright holders a five-year window to register a copyright in order to enjoy the statutory presumption. 17 U.S.C. § 410(c).

Anagram did not unduly delay in registering the Pineapple Balloon Work, rather it timely registered its work within the five-year statutory window. Even if Anagram had not, there is no requirement that a copyright be registered within a certain time frame to obtain protectable copyright. See 17 U.S.C. § 408(a) ("[R]egistration is not a condition of copyright protection.").

Additionally, Defendant asserts that, even post registration Anagram waited "nearly five years to sue despite alleged ongoing infringement" citing to *Petrella v. Metro-Goldwyn-Mayer, Inc*., 572 U.S. 663 (2014) for the proposition that the doctrine of laches bars Anagram's recovery. Objection at p. 9. This argument fails for numerous reasons.

The statute of limitations for copyright infringement is three years. 17 U.S.C. §507(b). As the Supreme Court recently acknowledged, every circuit, including the Eleventh Circuit, follows the "discovery rule" meaning that the three-year limitations period only begins to run when the copyright holder discovers the infringing conduct. *See Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 371 (2024). Thus, so long as a copyright holder brings a claim within three years of discovery of the infringement, there is no time-based limit on the damages that it may recover, even if those damages occurred more than three years before suit. *Ibid.*

Similarly, in *Petrella*, the Supreme Court held that the equitable doctrine of laches does not bar copyright claims that are timely within the three-year limitations period because Section 507(b) "itself takes account of delay." *Petrella,* 572 U.S. at 670-72, 677.

Here, there is no evidence that Anagram's infringement claim against Defendant is untimely. Defendant's assertion that Anagram waited "nearly five years to sue despite alleged ongoing infringement" is apparently based on the date of Anagram's registration of the Pineapple Balloon Work, and not based on when Defendant's infringement actually began or when Anagram actually discovered the infringement. In fact, Anagram provided screenshots of Defendant's infringement as Exhibit 2 to the Complaint showing July 21, 2025 as the date the screenshot was taken, thus demonstrating that Defendant was actually infringing within the three-year statute of limitations period. Even if Defendant had been infringing on or before Anagram's 2019 registration date, Anagram is still entitled to recover damages from Defendant for all infringement, regardless of when they occurred, because Anagram discovered the infringements and filed suit before the limitations period had run. *Warner Chappell Music,* 601 U.S. at 371.

Thus, Defendant's laches argument fails.

## V.    The Other Factors Weigh in Favor of an Injunction

Defendant's cursory treatment of the preliminary injunction factors reveals a lack of any meaningful defense, further supporting the immediate entry of injunctive relief to protect Anagram's intellectual property rights.

Defendant contends that Anagram will not suffer irreparable harm because Defendant has agreed to voluntarily cease sales of the accused product.

However, without immediate entry of a preliminary injunction, the TRO's expiration would create an imminent and substantial risk of irreparable harm to Plaintiff, as Defendant would have the ability to create multiple e-commerce stores under different aliases and transfer assets to offshore accounts beyond this Court's reach - tactics repeatedly observed in similar cases in this district and requiring immediate judicial intervention to prevent. *See Lead Creation Inc. v. P'ships et al.*, 2023 WL 1993971, at *4 (M.D. Fla. Feb. 14, 2023) (granting preliminary injunction under similar circumstances); *see also Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise is often useless if notice is given to the infringers"). It is important to note that monetary damages alone would be inadequate to compensate Anagram for its hardships. The ongoing infringement not only results in lost sales but also causes irreparable damage to Anagram's market position, brand reputation, and customer relationships - harms that cannot be easily

quantified or remedied through monetary compensation alone. Conversely, any hardship faced by the Defendant due to the injunction could potentially be addressed through monetary means, as it primarily involves lost sales of infringing products. Thus, the clear and substantial evidence of irreparable harm to Anagram, combined with Defendant's demonstrated pattern of evasive conduct, strongly compels the immediate entry of a preliminary injunction.

Additionally, the equities weigh in favor of entry of a preliminary injunction. Defendant has not denied that it manufactured and sold exact copies of Anagram's Pineapple Balloon Work. Indeed, evidence demonstrates Defendant has generated at least $85,000 in documented revenue through the willful and unauthorized sale of infringing products during the relevant period, with substantial evidence suggesting the actual damages far exceed this amount, demonstrating substantial and ongoing commercial harm to Anagram's market position and goodwill. Furthermore, the presence of these infringing products in the market is likely to cause price erosion and market price degradation for Anagram's legitimate products, as consumers may opt for the potentially cheaper, infringing alternatives, forcing Anagram to lower its prices to remain competitive.

Finally, the public interest strongly compels the immediate entry of a preliminary injunction to prevent ongoing and irreparable harm to both consumers and legitimate businesses. The public is being actively misled into believing that

15

Defendant's e-commerce stores are authorized and endorsed by Anagram, causing immediate and ongoing damage to Anagram's reputation and brand integrity. Moreover, "the public interest is served by preventing consumer confusion in the marketplace." *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001). In addition, Defendant has failed to demonstrate that its infringing products have met established federal and state quality standards and safety requirements, creating an immediate and substantial risk of consumer harm through unverified and potentially unsafe products. Thus, the public would be served by the entry of a preliminary injunction.

## VI. THE COURT SHOULD ENTER A PRELIMINARY INJUNCTION RATHER THAN A TRO

Defendant contends that a preliminary injunction is not necessary because the parties have stipulated to a modified TRO which obviates the need for a full preliminary injunction. However, TROs, by their nature, are limited and are meant to preserve the *status quo* until such time as the Court can consider whether a preliminary injunction is appropriate. *See* Fed. R. Civ. P. 65(b)(2). Indeed, the modified TRO specifically states that it shall remain in effect only "until the Court issues a final ruling on Cooper Life's pending Objection." Dkt. #54. In other words, if the Court does not enter a preliminary injunction, the TRO would be completely dissolved, and Defendant would be unconstrained in their ability to continue their

16

demonstrated pattern of willful infringement and market disruption either through the Cooper Life store on Amazon or through another store name or platform.

Thus, the preliminary injunction is necessary. If, as Cooper Life contends, it intends to cease selling infringing merchandise indefinitely, then entry of a preliminary injunction preventing Defendant from selling infringing versions of the Pineapple Balloon Work will not prejudice Defendant in any way. However, it is important to acknowledge that the injunction may require Cooper Life to implement new product review processes, as Cooper Life has not demonstrated any intellectual property clearance procedure, potentially incur costs associated with inventory disposal or modification, and possibly face short-term revenue loss as they adjust their product offerings. Despite these potential burdens, the Court must weigh these against the ongoing harm to Anagram and the public interest in preventing copyright infringement.

Thus, a preliminary injunction should be issued against Defendant.

## VII.  CONCLUSION

In view of the overwhelming evidence presented, controlling precedent, and the demonstrated threat of immediate and irreparable harm, Plaintiff Anagram International, LLC respectfully urges this Court to exercise its equitable powers and enter a preliminary injunction without delay.

Dated: September 25, 2025   Respectfully submitted,

*/s/ David M. Lilenfeld*
David M. Lilenfeld, Esq. GA Bar No. 45299
Shengmao (Sam) Mu *pro hac vice*
Abby Neu *pro hac vice*
Ryan E. Carreon *pro hac vice*
**WHITEWOOD LAW PLLC**
5555 Glenridge Connector, Suite 200
Atlanta, GA 30342
Telephone: (917) 858-8018
Email: david@whitewoodlaw.com

*Counsel for Plaintiff*

Shengmao (Sam) Mu *pro hac vice*
Abby Neu *pro hac vice*
Ryan E. Carreon *pro hac vice*
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*

18

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(D), counsel certifies that the foregoing document complies with one of the font type and size selections approved by the Court in L.R. 5.1(C): Times New Roman 14-point font.

*/s/ David M. Lilenfeld*
David M. Lilenfeld