**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ANAGRAM INTERNATIONAL, LLC,

      Plaintiff,

v.

COOPER LIFE, *et al*,

      Defendants.

Civil Action No. 1:25-cv-4622-MHC

**PLAINTIFF'S MOTION TO SEVER
<u>DEFENDANT KATCHON STORE AND SUPPORTING BRIEF</u>**

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, Plaintiff Anagram International, LLC ("Plaintiff" or "Anagram") moves to sever KatchOn ("Defendant" or "KatchOn") from the other defendants, which are listed in Schedule A to the Complaint, for the reasons below:

**I.   <u>Introduction</u>**

Anagram stated it would amend its Complaint if a defendant's circumstances warranted separate treatment. Complaint, ¶¶10-14 [Dkt. 1]. In its Motion to Dismiss [Dkt. 63], KatchOn argues that it should not have been joined with the other defendants nor remain joined. While both parties' filings indicate that severance would be appropriate, KatchOn has declined to consent to the present

motion despite the alignment of interests. Plaintiff now moves to sever KatchOn from the parent case on its own.

## II.    <u>Argument and Citations to Authorities</u>

Rule 21 provides that misjoinder is not a ground for dismissal, but the Court may sever any party on just terms. The Eleventh Circuit has emphasized the district court's broad discretion to sever in order to ensure fairness. District courts have "broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). When evaluating severance under Rule 21, courts consider factors including: (1) prejudice to the parties, (2) potential delay, (3) risk of jury confusion, and (4) judicial economy. Eleventh Circuit precedent underscores that severance is appropriate to prevent prejudice. In *United States v. Benz*, 740 F.2d 903, 911 (11th Cir. 1984), the court recognized the trial court's duty to balance prejudice against efficiency. District courts within this Circuit often cite the "fundamental fairness / avoidance of prejudice" principle when deciding severance motions.

KatchOn's substantive brief [Dkt. 63] provided Anagram with information Anagram did not have when it filed this lawsuit. In that Brief, KatchOn emphasizes that it "has no connection or knowledge of any of the other 86 Defendants and is not 'working in active concert' with them". Dkt. 63, p. 14. KatchOn argues that its

2

joinder "unduly complicates the action," forcing it to defend a more complex case than necessary. *Id.* at 15. KatchOn also raised concerns of prejudice resulting from being lumped in with unrelated defendants. *Id.* at 14.

The Complaint alleges KatchOn's infringement of one copyright registration among a comprehensive portfolio of 29 registered copyrights. See Complaint, Dkt. 1-3, pp. 26-34. Regarding this specific copyright registration, KatchOn has raised certain fact-based challenges, which appear to lack substantive merit. For example, KatchOn raises questions of substantially similarity between its accused product and the registered work and whether Anagram can meet its burden of showing KatchOn had access to the registered work. Dkt. 63, pp. 19-21. Both of these arguments attack the merits of Anagram's copyright infringement claim against KatchOn and are unique to KatchOn and the particulars of its accused products.

While Anagram does not agree with all of KatchOn's assertions, it does believe that severance of KatchOn is justified by Rule 21 and, more simply, that severance makes sense in this instance. Anagram recognizes that KatchOn presents itself as an established business operation with a distinct business model from the other defendants -- setting it apart from the other defendants. Early discovery Anagram obtained through Amazon demonstrates that KatchOn operates as a storefront with a long history of sales to the United States and Georgia, including evidence of hundreds of sales of allegedly infringing products. In light of this,

Anagram believes the best course of action is severance. This will allow KatchOn's distinct issues to be addressed separately and dispense with further joinder disputes.

Maintaining KatchOn as a defendant in this action would impair judicial efficiency and unnecessarily complicate proceedings. The vast majority of other defendants have either entered into settlement agreements with Plaintiff or are in default, demonstrating fundamentally different procedural postures from KatchOn's active defense. Accordingly, KatchOn is headed in a completely different direction than the remainder of the defendants.

## III.   Conclusion

For the foregoing reasons, Plaintiff requests that the Court sever KatchOn from this action and allow the claims against it to proceed in a separate case.

Date: September 29, 2025                    Respectfully submitted,

                                           */s/ David M. Lilenfeld*
                                           David M. Lilenfeld
                                           Georgia Bar No. 45299
                                           **WHITEWOOD LAW PLLC**
                                           5555 Glenridge Connector, Suite 200
                                           Atlanta, GA 30342
                                           Telephone: (917) 858-8018
                                           Email: david@whitewoodlaw.com

                                           *Counsel for Plaintiff*

                                           Shengmao (Sam) Mu, *pro hac vice*
                                           Abby Neu, *pro hac vice*
                                           Ryan E. Carreon, *pro hac vice*
                                           **Whitewood Law PLLC**
                                           57 West 57th Street, 3rd and 4th
                                           Floors
                                           New York, NY 10019
                                           Telephone: (917) 858-8018
                                           smu@whitewoodlaw.com

                                           *Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), counsel certifies that the foregoing document complies with one of the font type and size selections approved by the Court in L.R. 5.1(C): Times New Roman 14-point font.

/s/ David M. Lilenfeld
David M. Lilenfeld